90 F.3d 591
 319 U.S.App.D.C. 368
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Kenneth H. BERNSTEIN, Petitioner;
v.
NATIONAL TRANSPORTATION SAFETY BOARD; Federal Aviation
Administration; David R. Hinson, Administrator,
United States Federal Aviation
Administration, Respondents.
 No. 94-1691.
 United States Court of Appeals, District of Columbia Circuit.
 June 10, 1996.
 
 Before: WALD, GINSBURG, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This petition for review was considered on the record from the National Transportation Safety Board ("NTSB") and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the petition for review from the NTSB's March 14, 1994 order and its August 29, 1994 order denying reconsideration be denied for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 The National Transportation Safety Board's ("NTSB") decision that petitioner violated sections 91.29(a), 91.33(a) and 91.9 of the Federal Aviation Regulations ("FAR") is supported by substantial evidence. See, e.g., Lindsay v. National Transp. Safety Bd., 47 F.3d 1209, 1213 (D.C.Cir.1995). The Administrative Law Judge's determinations regarding credibility are entitled to great deference, and we accept them. See Chen v. General Accounting Office, 821 F.2d 732, 738 (D.C.Cir.1987).
 
 
 5
 Petitioner violated these FAR regulations by flying his aircraft on three separate occasions with an inoperable tachometer despite knowing that the tachometer did not work. Petitioner also was on notice that the aircraft would not be airworthy without an operable tachometer, and that operating the aircraft without an operable tachometer would create an imminent safety hazard and would violate Federal Aviation Administration ("FAA") regulations.
 
 
 6
 Petitioner's argument that his conduct should be excused because he relied on the alleged statements of mechanic Paul Desrosiers that the aircraft was "airworthy" fails. Petitioner knew from his conversations with mechanic Edmund Stanley and from the FAA's condition notice that the plane would not be airworthy with an inoperative tachometer, that this condition created an imminent safety hazard, and that operating the aircraft without repairing the tachometer would violate FAA regulations. In sum, petitioner knew that without an operative tachometer, the plane was not airworthy; therefore, any reliance petitioner may have placed on Desrosier's alleged determination of airworthiness was unreasonable. See Heckler v. Community Health Services, 467 U.S. 51, 59-60 n. 10 (1984).
 
 
 7
 Finally, petitioner's other arguments fail. The term "airworthy" is not void for vagueness; it is clearly defined in law and regulation. See Administrator v. Doppes, 5 NTSB 50 (1985); 49 U.S.C. 44704(c); 14 C.F.R. §§ 91.33, 21.183. In addition, the administrative law judge's decision to deny petitioner's motion to transfer the hearing from Boston to Washington, D.C., was not an abuse of discretion.